# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM CARNS,<br><br>       Plaintiff,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, <u>et al.</u>,<br><br>       Defendants. | Case No. 2:10-CV-00739-KJD-GWF<br><br>**ORDER** |

   Currently before the Court is Defendants' Motion to Dismiss (#6). Plaintiff filed a Response in opposition (#9), to which Defendants filed a Reply (#13). Additionally before the Court is Plaintiff's Motion for Remand (#10). Defendants filed a Response in opposition (#12). No Reply was filed. The Court has considered both Motions, and for the reasons stated herein, grants Defendants' Motion to Dismiss.

**I. Background**

   Pro se Plaintiff, William Carns, filed his Complaint in State Court on April 15, 2010, alleging fraudulent conveyance, and seeking a preliminary injunction to void the foreclosure sale of real property located ast 4720 Paradiso Place, Pahrump, NV 89061 ("subject property"). (#1-1.)

On or about January 18, 2007, Plaintiff purchased the subject property using Aurora Loan Service as the original servicer of the loan, in the principal amount of $330,576.00. Plaintiff alleges that he received a notice of request to determine occupancy status of his home on or about July 6, 2009, from Greenspan Brokerage of Pahrump, NV, after which time he learned that the subject property had been sold at a foreclosure auction on June 29, 2009.

Plaintiff's Complaint is based upon the allegation that prior to receipt of the request to determine occupancy status, he was "never made aware of any foreclosure actions" upon the subject property, as required under N.R.S. 107.080. (#1-1 at 2.)

**II. Standard of Law for Motion to Dismiss**

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a Plaintiff's complaint for "failure to state a claim upon which relief can be granted." A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially plausible when the Plaintiff's complaint alleges facts that allow the court to draw a reasonable

1  inference that the defendant is liable for the alleged misconduct. Id. at 1949. Where the complaint
2  does not permit the court to infer more than the mere possibility of misconduct, the complaint has
3  "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks
4  omitted). When the claims in a complaint have not crossed the line from conceivable to plausible,
5  Plaintiff's complaint must be dismissed. Twombly, 550 U.S. at 570.

6  **III. Discussion**

7  The procedure for conducting a trustee's foreclosure sale in Nevada is set forth in NRS
8  107.080 et seq. The foreclosure process is commenced by the recording of a notice of default and
9  election to sell by the trustee. NRS 107.080(3). After the notice of default is recorded, the grantor
10 has 35 days or, in the case of owner-occupied housing, up to 5 days before the foreclosure sale, in
11 which to cure the deficiency in payment. Three months after recording the notice of default, a
12 foreclosure sale may be conducted. NRS 107.080(2)(d). However, the trustee must first give notice
13 of the time and place of the sale. NRS 107.080(4). At the appointed time and place, a sale is
14 conducted, monies are bid, and a trustee's deed is issued. Foreclosure procedures must be followed
15 or the sale will be invalid. See Rose v. First Fed. Sav. and Loan, 777 P.2d 1318 (1989) (trustee's
16 sale invalid where notice requirements not satisfied). Section 107.080 provides that the "power of
17 sale" is conferred upon the "trustee." Section 107.080(2)(c) expressly states that the trustee can
18 execute its power of sale once "[t]he beneficiary, the successor in interest of the beneficiary or the
19 trustee first executes and causes to be recorded in the office of the recorder of the county wherein the
20 trust property, or some part thereof, is situated a notice of the breach and of his election to sell or
21 cause to be sold the property to satisfy the obligation.

22 Here, a Corporate Assignment of the Deed of Trust for the subject property was recorded in
23 favor of FMNA on July 7, 2009.[1] (#6 Ex. 1.) A non-judicial foreclosure of the subject real property

---

[1] Defendants seek that the Court take judicial notice of the attached documents. The Court, through judicial notice, acknowledges Plaintiff's Exhibits of public records held by the Nye County Assessor's Office under Fed. R. Evid. 201(b). Fed. R. Evid 201(b) allows the court to take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

3

was commenced on December 2, 2008, when QLS recorded a Notice of Default (#6 Ex. 2.) The Notice of Default states that payment on the loan was due but not paid on August 1, 2008.[2] Defendant avers that said notice was mailed to the Plaintiff twelve times, as well as posted and published in a local newspaper. (#6 at 3.) However, because said exhibits are not proper subjects of judicial notice under Fed. R. Evid. 201, the Court does not consider them here.[3] Though Plaintiff fails to dispute that said notices were sent, he does argue that Defendants' Motion to Dismiss refers to the subject property as being on "Paradise Place", as opposed to the correct spelling "Paradiso Place", and then states "[m]ail does not get delivered and services cannot be made when addresses are not correct." (#9 at 4.) Plaintiff additionally states that "[t]he fact that Plaintiff only uses his Post Office Box for anticipated and expected communications further negates Defendants' 'attempts' to send written communication to Plaintiff." (Id.) While Plaintiff does not dispute Defendants' claim that notice was also posted and published in the Pahrump Valley Times, the Court does not take judicial notice of Defendants' affidavit of publication at this time. See Fed. R. Civ. P. 12(d).

Pursuant to NRS §107.080 however, "if proper notice is not provided . . . the person who holds title of record on the date the notice of default and election to sell is recorded . . . may commence an action pursuant to subsection 5 within 120 days after the date on which the person received actual notice of the sale." N.R.S. § 107.080(6). Here, Plaintiff admits actual notice of the foreclosure sale of the subject property on numerous occasions, including July 6, 2009, when he received the notice to determine occupancy status, (see Compl. at ¶ 2), and on July 6, 2009, when he called and spoke with an employee of QLS. Again, Plaintiff admits actual notice of the sale on July

---

[2] Plaintiff's Complaint and pleadings do not indicate that the loan was made current at or prior to the time of foreclosure.

[3] If matters outside of the pleadings are submitted in conjunction with a motion to dismiss, Rule 12(b) grants courts discretion to either accept and consider, or to disregard such materials. See Isquith v. Middle S. Utils., Inc., 847 F.2d 186, 193 n. 3 (5th Cir.1988). A court exercises this discretion by examining whether the submitted material, and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure, may facilitate disposing of the action. Id. at 193 n. 3. If the court elects to convert the motion, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

4

7, 2009, when he sent an inquiry letter to QLS via U.S. Certified Mail, (id. at ¶ 5), on July 21, 2009, when he received a response to his written request from QLS, (id. at ¶ 6), on July 23, 2009 when he sent a response letter to QLS, (id. at ¶ 7), when he was served with a Three Day Notice to Quit from FNMA on July 23, 2009, (id. at ¶ 8), and again on August 8, 2009, when he mailed a request for a "qualified written response" to counsel of FNMA, ALS, and QLS, (id. at ¶9), and again on August 10, 2009, when he received a response regarding his qualified written request. (Id. at ¶ 12.)  Finally, Plaintiff admits actual notice of the sale no later than October 6, 2009, when he appeared at a hearing for unlawful detainer concerning his eviction from the subject property. (Id. at ¶ 17.)

Accordingly, pursuant to NRS §107.080, this action had to be brought no later than February 3, 2010, 120 days from the Plaintiff's latest admitted date that there was full knowledge of the sale, to be timely.  In fact, it was not brought until April 15, 2010, after the action for eviction had recommenced.  Thus, the Court finds that Plaintiff's claim is not timely, and is time barred pursuant to NRS §107.080.

**IV. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (#6), is **GRANTED**.  Judgment to be entered on behalf of Defendants.

DATED this 4th day of March 2011.

_____
Kent J. Dawson
United States District Judge